Filed 12/31/14  Farmer v. Super. Ct. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RAYMOND FARMER,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | D066840<br><br>(San Diego County<br>Super. Ct. No. CN329882) |


ORIGINAL PROCEEDINGS in mandate.  James M. Dorr, Judge.  (Retired Judge of the San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition granted in part and denied in part.

Steven Schorr for Petitioner.

Bonnie M. Dumanis, District Attorney, Laura E. Tanney, Chief Deputy District Attorney, Kathryn Gayle, Deputy District Attorney, for Real Party in Interest.

No appearance by Respondent.

In this original proceeding, we consider an application of our Supreme Court's decision in *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), which articulated the procedure courts should use in assessing the sufficiency of an affidavit supporting a search warrant, where that affidavit has been sealed in whole or in part. Petitioner Raymond Farmer claims the court here erred in applying *Hobbs*. He further claims the procedure outlined in *Hobbs* violates his constitutional rights, both generally and as applied in this case.

The San Diego County District Attorney concedes, and we agree, that the trial court erred in applying *Hobbs*. We therefore grant the petition in part, as we will discuss. The remainder of Farmer's petition is denied.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2014, a detective with the Oceanside Police Department, Jerrold Butler, applied for a search warrant for certain premises located on Laurel Road in the City of Oceanside. In support of the application, Butler submitted an affidavit describing the premises and persons to be searched, the items to be seized, Butler's qualifications, and the probable cause supporting the issuance of a search warrant. Butler also submitted a declaration requesting that his affidavit be sealed under a public entity's privilege to refuse to disclose the identity of confidential informants. (Evid. Code, § 1041; *Hobbs*, *supra*, 7 Cal.4th at pp. 959-960.) The superior court issued the search warrant and sealed the supporting affidavit as requested.

The search warrant identified the premises to be searched as a single address on Laurel Road. Petitioner Raymond Farmer and his wife reside at that address in a large, multilevel home. Beneath their living area are two apartments that they rented to tenants.

Police executed the search warrant and entered the living area occupied by Farmer and his wife. They met Farmer and his wife in their bedroom. After Farmer asked to put on his pants, a police officer searched the pockets of the pants. The officer found a usable amount of methamphetamines, cash, and a pipe used for smoking methamphetamines. The police asked Farmer if he had a gun, and he identified a handgun and ammunition in a gun case near his bed.

In a criminal complaint, the District Attorney charged Farmer with four felony counts: possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)); possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)); possession of ammunition by a felon (*id.*, § 30305, subd. (a)(1)); and possession of a controlled substance (methamphetamine) (Health & Saf. Code, § 11377, subd. (a)). The District Attorney also charged Farmer with one misdemeanor count: possession of drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)).

Farmer filed a motion to suppress the evidence obtained during the search of his home. Farmer's motion was deemed to include a motion to traverse the search warrant. A motion to traverse mounts a subfacial challenge to the warrant, i.e., a challenge to the truth of the factual statements supporting the warrant. (*People v. Heslington* (2011) 195 Cal.App.4th 947, 957, fn. 7 (*Heslington*).) The District Attorney opposed.

3

Following the procedure outlined in *Hobbs*, the trial court considered Farmer's motions by holding an *in camera* hearing to examine the sealed affidavit and hear testimony from Butler. (*Hobbs*, *supra*, 7 Cal.4th at pp. 971-972, 974.) Consistent with *Hobbs*, Farmer and his counsel were excluded from the *in camera* hearing, although Farmer was allowed to submit questions to the court for its use during Butler's testimony. Following the *in camera* hearing, the trial court ordered the affidavit resealed in its entirety. The court ordered the transcript of Butler's testimony sealed as well. The court found disclosure of the affidavit "would result in a specific danger to witnesses, and that there is no exculpatory information [in the affidavit]." The court further found no inconsistencies or misrepresentations in the affidavit. The court denied Farmer's motion to suppress and motion to traverse.

Farmer filed a petition for writ of mandate challenging the court's orders and requesting an immediate stay of the criminal proceedings against him. This court issued a stay and, on its own motion, augmented the record in this proceeding to include the sealed affidavit and Butler's sealed testimony.[1] We requested an informal response from the real party in interest, which the District Attorney provided. In her response, the District Attorney concedes the court erred in ordering the affidavit sealed in its entirety. We therefore directed the clerk to provide notice that we were considering issuing a peremptory writ in the first instance with respect to the relief conceded by the District Attorney. (See *Palma v. U.S. Industrial Fasteners*, *Inc*. (1984) 36 Cal.3d 171, 178.)

---

[1]     Farmer has filed a request for transmittal of the sealed affidavit and Butler's sealed testimony. In light of our order augmenting the record, Farmer's motion is denied as moot.

DISCUSSION

In *Hobbs*, the Supreme Court confirmed that "all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege [under Evidence Code, section 1041] and protect the identity of a confidential informant." (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) "But, in order to preserve a defendant's right to 'reasonable access to information that might form the basis for challenging the validity of a search warrant,' a trial court must follow certain procedures when a search warrant affidavit has been fully or partially sealed. [Citation.] These procedures 'strike a fair balance between the People's right to assert the informant's privilege and the defendant's discovery rights.' " (*Heslington*, *supra*, 195 Cal.App.4th at p. 956.)

"On a properly noticed motion by the defense seeking to quash or traverse the search warrant, the lower court should conduct an in camera hearing . . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972.) "If the trial court, in entertaining a defense motion challenging the warrant, finds that any portion of the affidavit sealed by the magistrate can be further redacted, and the remaining excerpted portion made public without thereby divulging the informant's identity, such additional limited disclosure should be ordered." (*Id.* at p. 972, fn. 7.) We review the trial court's determination for abuse of discretion. (*Id.* at p. 976; but see *People v. Martinez* (2005) 132 Cal.App.4th 233, 241-242 [independent review].)

5

Here, the trial court ordered the affidavit sealed in its entirety, finding that disclosure of the affidavit "would result in a specific danger to witnesses . . . ." It is unclear if the court determined (1) "whether sufficient grounds exist for maintaining the confidentiality of the informant's identity" and (2) if so, whether partial redaction would be sufficient to maintain such confidentiality. (*Hobbs*, *supra*, 7 Cal.4th at p. 972.) Our review of the record, including the affidavit and the sealed transcript of Butler's testimony, reveals no basis for the trial court's conclusion that the *entirety* of the affidavit should remain sealed. Indeed, based on our review, substantial portions of the affidavit do not tend to reveal the identity of a confidential informant and therefore should not have been sealed under *Hobbs*. We therefore conclude, based on the current record, that the trial court abused its discretion in ordering that the entirety of the affidavit remain sealed. (*Ibid.*) The court's order should be vacated.

Because the trial court sealed the entirety of the affidavit supporting the search warrant, the court proceeded to the next step of the *Hobbs* procedure and considered the merits of Farmer's motions. (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) Given our conclusion that the court's sealing order should be vacated, the court's order on the merits of Farmer's motions must be vacated as well. (*Ibid.*) On remand, depending on the outcome of the court's determination regarding sealing, the court should allow Farmer to supplement his motions or, if necessary, proceed to a further hearing. (*Heslington*, *supra*, 195 Cal.App.4th at pp. 957-959; *Hobbs*, *supra*, 7 Cal.4th at pp. 974-975.)

As noted, the District Attorney has conceded that the court did not properly consider the extent of sealing necessary to protect an informant's identity or consider

6

whether any portion of the affidavit might be unsealed.  The District Attorney agrees that the court should have ordered the prosecution to provide a redacted copy of the affidavit to Farmer and allowed him to proceed with his motions or request a further hearing.  This relief having been conceded by the District Attorney, a peremptory writ in the first instance is appropriate.  (*Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 919.)

DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its September 22, 2014, orders sealing the affidavit in its entirety and denying Farmer's motions to suppress and traverse the search warrant.  The court should reconsider its decision sealing the affidavit in its entirety and conduct further proceedings consistent with this opinion.  Farmer's petition is denied in all other respects.  Farmer's request for transmittal is denied as moot.  The stay issued on October 28, 2014, is vacated.  This opinion will be final as to this court 10 days from its filing.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)

 

 

 

_____

McCONNELL, P. J.

WE CONCUR:

 

_____

O'ROURKE, J.

 

_____

NARES, J.

7